## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL RUSSELL ANDREWS, | : | Civil No. 1:22-CV-00077 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS STAFF, *et al.*, | : | |
| | : | Judge Jennifer P. Wilson |
| Defendants. | | |

## <u>MEMORANDUM</u>

Before the court is a motion to dismiss filed by Defendants.  (Docs. 14, 18.)  For the reasons discussed below, the court will not dismiss the First Amendment retaliation claims against Defendants Hammon, Frye, Grassmire, and Spyker and the Eighth Amendment deliberate indifference claim raised against Defendant Hammon.  The court will dismiss all Fifth and Fourteenth Amendment claims with prejudice and will dismiss all the remaining claims without prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Daniel Russell Andrews ("Plaintiff") is a self-represented individual who is presently housed at the State Correctional Institution in Frackville, Pennsylvania ("SCI-Frackville").  He filed a complaint on January 14, 2022, which is the operative pleading in this case, alleging constitutional violations that occurred during the time he was incarcerated at SCI-Huntingdon.  The complaint names seven defendants: (1) J. Spyker ("Spyker"), an employee at SCI-

1

Huntingdon who was the Correctional Coordinator Program Manager (CCPM) at the time of the incident giving rise to the complaint; (2) Correctional Officer III Grassmire ("Grassmire"), a correctional officer with the Pennsylvania Department of Corrections ("DOC"); (3) Correctional Officer III Macluski ("Macluski") a correctional officer with the Pennsylvania DOC; (4) Ms. Hammon ("Hammon"), the librarian assistant employed at SCI-Huntingdon; (5) Correctional Officer I Frye ("Frye"), a correctional officer with the Pennsylvania DOC; (6) Ellenberger, hearing examiner; and (7) Connie Greene ("Greene"), grievance coordinator at SCI-Huntingdon.  (Doc. 1.)  In the caption of the complaint, Plaintiff included "Pennsylvania Department of Corrections Staff."  (*Id*.)  However, the staff as a whole is not a named defendant in the text of the complaint.  (*Id*., p. 2.)[1] Therefore, the staff as a whole is not party to this litigation.

The complaint alleges that on January 16, 2020, while at the law library, Plaintiff had a technical difficulty with the word-processor and sought help from Inmate Bicking, an inmate library worker.  (*Id*., p. 3.)  Inmate Bicking appeared "very agitated" with providing Plaintiff with help.  (*Id*.)  Plaintiff excused inmate Bicking and found help from another inmate working next to Plaintiff.  (*Id*.) Inmate Bicking started yelling profane language at Plaintiff.  (*Id*.)  Inmate Bicking then "offered his private parts to plaintiff saying, "suck my dick.'"  (*Id*.)  This

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

exchange was heard by the staff library assistant, Defendant Hammon.  (*Id*.)
Plaintiff then returned to his housing unit and went to non-party Corrections
Officer Sloopy to file a Prison Rape Elimination Act (PREA) report.  Corrections
Officer Sloopy sent Plaintiff to speak with non-party Lieutenant Maxwell.  (*Id*.)
Plaintiff gave Lieutenant Maxwell the information, and Lieutenant Maxwell said
he would pass it on to the PREA lieutenant.  The exchange at the law library
occurred at approximately 7:50 p.m., Plaintiff returned to his housing unit and
spoke with Lieutenant Maxwell at 8:20 p.m.  (*Id*.)

The next morning, January 17, 2020, Plaintiff was called into a meeting with
the PREA lieutenant Defendant Grassmire, and the CCPM Defendant Spyker, and
provided his account of the exchange in the law library the evening before and
filed a PREA complaint.  (*Id*.)  Shortly after the interview, Plaintiff was
transported to the Restricted Housing Unit (RHU) for filing false reports against
Inmate Bickering.  (*Id*.)  Following a hearing on January 22, 2020, Plaintiff was
found guilty of two misconducts for filing false reports in relation to the exchange
in the library and sentenced to sixty days disciplinary time followed by a
separation transfer.  (*Id*., p. 4.)  These misconducts were written by Defendants
Hammon and Frye.  (*Id*., p. 5–6.)

Plaintiff brings the following claims against the seven Defendants: (1) First
Amendment, Eighth Amendment, and conspiracy claims against Defendant

Hammon; (2) First Amendment, Fourteenth Amendment, and conspiracy claims against Defendant Frye; (3)  First Amendment, Fifth Amendment, and Fourteenth Amendment claims against Defendant Grassmire; (4) First Amendment, Fifth Amendment, and Fourteenth Amendment claims against Defendant Spyker; (5) Fourteenth Amendment and conspiracy claims against Defendant McCloskey; (6) Fifth Amendment, Eighth Amendment, and Fourteenth Amendment claims against Defendant Ellenberger; and (7) First Amendment claims against Defendant Greene.  (*Id*., pp. 4–7.)

On May 2, 2022, Defendants filed a motion to dismiss the Fifth Amendment, Eighth Amendment, Fourteenth Amendment, agency policy and civil conspiracy claims under Fed. R. Civ. P. 12(b)(6).  (Doc. 14.)  Defendants filed a brief in support of their motion on May 10, 2022.  (Doc. 15.)  This brief addressed the First Amendment claims in addition to those claims challenged in the motion to dismiss.  (*Id*.)  The court ordered Plaintiff to respond to Defendants' motion on May 27, 2022.  (Doc. 16.)  Plaintiff filed a brief in opposition to Defendants' motion on June 13, 2022.  (Doc. 17.)  This brief addressed the First Amendment claims in addition to those claims challenged in the motion to dismiss.  (*Id*.) Defendants filed an amended motion to dismiss that included the First Amendment claims and a reply brief on June 24, 2022.  (Docs. 18, 19.)  While Defendants failed to list the First Amendment claims in the initial motion to dismiss, these

claims were addressed in the briefing.  Furthermore, any time for Plaintiff to challenge the amended motion to dismiss or request additional briefing on the First Amendment claims has passed.  Therefore, both the motion to dismiss and the amended motion to dismiss are now ripe to be addressed by the court.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at FCI-Huntingdon, located in Huntingdon County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir.

2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. All Fifth Amendment Claims Will Be Dismissed.

Initially, the court will address the Fifth Amendment due process claims Plaintiff brought against Defendants Grassmire, Spyker, and Ellenberger. (Doc. 1, pp. 4–7.) "The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. U.S.*, 534 U.S. 161, 167 (2002). The parties agreed that the Fifth Amendment is not applicable to the instant action against state officials. (Doc. 15,

p. 5; Doc. 17, p. 4.)  Therefore, the court will dismiss all claims raised under the Fifth Amendment with prejudice.

### B. First Amendment Retaliation Claims Will Be Dismissed, In Part.

Plaintiff alleges that Defendants Hammon, Frye, Grassmire, and Spyker retaliated against him for filing the PREA report and that Defendant Greene retaliated against him for filing gradiences.[2]  (Doc. 1).  It is well-settled that prison officials may not retaliate against an inmate because he exercises his right of access to the courts.  *Fantone*, 780 F.3d at 191.  A prisoner asserting a retaliation claim must allege the following elements: (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action.  *See Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *see also Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  The filing of a lawsuit or a prison grievance constitutes protected activity under the First Amendment.  *Fantone*, 780 F.3d at 191.  The court now applies this framework to Plaintiff's claims against the Defendants.

---

[2] Plaintiff references a First Amendment claim against Defendant McCloskey in his brief in opposition.  (Doc. 17, p. 3.)  But, Plaintiff failed to raise such a claim in his complaint. Therefore, the court will not address it further.

### 1. First Amendment Retaliation Claims Against Defendants Hammon, Frye, Grassmire, and Spyker Will Not Be Dismissed.

The court begins its analysis with the retaliation claims raised against Defendants Hammon, Frye, Grassmire, and Spyker following Plaintiff's filing of the PREA report.  Plaintiff has alleged that he engaged in a constitutionally protected activity in the form of filing an PREA report.  (Doc. 1, p. 3.)  He alleged that he was charged with two misconducts alleging he filed a false report, he was found guilty of these misconducts, and subsequently sentenced to sixty days disciplinary time followed by a separation transfer.  (*Id.*, pp. 3–4.)  Furthermore, he alleged that "plaintiff's placement in the RHU was an attempt to cover up for the neglect to take action by defendant Ms. Hammon on the night of the incident between plaintiff and inmate Bicking," and "[i]n light of these facts, an adverse reaction has immediately occurred after actions were taken by the plaintiff which shows proof of retaliation."  (*Id.*, p. 4–5.)  Therefore, when the complaint is liberally construed, Plaintiff has properly raised a First Amendment Retaliation claim.

Defendants do not challenge the sufficiency of the facts pled in the complaint, but argue that since Plaintiff was found guilty of both misconducts before a hearing examiner, such conduct would have been taken by Defendants regardless of whether Plaintiff participated in the protected activity.  (Doc. 15, pp. 6–7.)  However, this argument cannot result in dismissal of the claims at this stage

of the case.  Logic dictates that if Plaintiff had not filed the PREA report, he would not have received the misconducts for filing a false report.  The misconducts are predicated on the constitutional activity itself.  If there was no filing of a report, there could be no misconducts issued for filing a false report.

The court recognizes that the finding of guilt in regard to the misconducts may be viewed as evidence that Defendants' actions were not out of retaliation. But the analysis required to reach this conclusion would involve the consideration of facts and documents outside the pleadings.  At this stage in litigation, the court must accept the factual allegations made in the complaint as true and determine if Plaintiff has stated a claim for which relief can be granted.  *Phillips*, 515 F.3d at 233.  Here, Plaintiff has pled the elements of a First Amendment Retaliation claim. Therefore, Defendants' motion to dismiss these claims will be denied.

**2. First Amendment Retaliation Claim Against Defendant Greene Will Be Dismissed Without Prejudice.**

Plaintiff makes a much more general claim of retaliation against Defendant Greene.  (Doc. 1, p. 7.)  Specifically, he alleges that "Plaintiff has filed many grievances in which Connie Greene was the coordinator of the process," and "Ms. Greene['s] actions were to deter the plaintiff from exercising his constitutional right protected by the First Amendment."  (*Id*.)  He then stated that "[a]ll grievances related to this defendant will be attached later with pleadings."  (*Id*.) But nothing was attached to the complaint.

10

Here, it is unclear what grievances Plaintiff is addressing in his complaint in connection with Defendant Greene, and what adverse action Defendant Greene took as a result of Plaintiff filing grievances.  This general pleading does not contain the "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," as required under *Iqbal*. Therefore, Plaintiff's First Amendment retaliation claim against Defendant Greene will be dismissed without prejudice.

### C. Eighth Amendment Claims Will Be Dismissed, In Part.

Next, the court will address the pending Eighth Amendment claims raised in the complaint.  Plaintiff raised a claim of deliberate indifference against Defendant Hammon and a claim of cruel and unusual punishment against Defendant Ellenberger.  (Doc. 1.)

### 1.  Deliberate Indifference Claim Will Not Be Dismissed.

In his brief in opposition, Plaintiff states that he raised an Eighth Amendment claim of deliberate indifference against Defendant Hammon, but Defendants failed to address this claim in their motion to dismiss.  (Doc. 17, p. 5.) Defendants' brief in support of their motion to dismiss included a heading posing the question of whether the complaint failed to state an Eighth Amendment deliberate indifference claim, Doc. 15, p. 3, but failed to address this issue in the text of the brief.  Instead, the text of the brief is limited to the question of cruel and

unusual punishment.  (*Id.*, pp. 8–9.)  Defendants did provide an argument in support of dismissing this claim in their reply.  (Doc. 19, pp. 3–7.)  However, the court will not discuss arguments that are raised for the first time in a reply brief.  *See Morant v. Thompson*, No. 1:21-cv-01105, 2022 WL 4486986 at *3 (M.D. Pa. Sep. 27, 2022) (citing *Interbusiness Bank, N.A. v. First Nat'l Bank of Mifflintown*, 328 F. Supp. 2d 522, 529 (M.D. Pa. 2004)).  Therefore, Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Hammon will not be dismissed.

### 2. Cruel and Unusual Punishment Claim Will Be Dismissed Without Prejudice.

Plaintiff raises a claim of cruel and unusual punishment against Defendant Ellenberger for sentencing him to sixty days of disciplinary time on the misconducts stemming from the January 16, 2020 incident.  (Doc. 1, p. 7.)

The Eighth Amendment prohibits cruel and unusual punishment.  U.S. Const. Amend. VIII.  Prison conditions constitute cruel and unusual punishment if they result in a serious deprivation of the prisoner's basic human needs.  *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).  Only conditions that are so reprehensible as to be deemed inhumane under contemporary standards or deprive an inmate of minimal civilized measures of the necessities of life violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  "A claim of inhumane prison

conditions may rise to the level of an Eighth Amendment violation where the prison official 'deprived the prisoner of the minimal civilized measure of life's necessities' and 'acted with deliberate indifference in doing so, thereby exposing the inmate to a substantial risk of serious damage to [his] future health.'" *Palakovic v. Wetzel*, 854 F.3d 209, 225 (3d Cir. 2017) (quoting *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016)).  Such a claim contains two requirements: an objective and subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  A prisoner asserting a claim that their conditions of confinement violate the Eighth Amendment must allege: (1) that objectively, they were "incarcerated under conditions posing a substantial risk of serious harm;" and (2) that the defendant prison official personally knew of the substantial risk to the inmate's health or safety and failed to "respond [ ] reasonably to the risk." *Farmer*, 511 U.S. at 834, 844–45.

Here, the complaint fails to allege the objective requirement of a cruel and unusual punishment claim: that Plaintiff was incarcerated under conditions posing a substantial risk of serious harm.  Instead, it merely alleges that he unfairly received sixty days of disciplinary time.  (Doc. 1, p. 7.)  Nothing in the complaint addresses the conditions of his confinement.  Therefore, the cruel and unusual punishment claim will be dismissed without prejudice.

**D. Fourteenth Amendment Claims Will Be Dismissed With Prejudice.**

Plaintiff brings a procedural due process claim under the Fourteenth

Amendment against Defendants Frye, Grassmire, Spyker, McClosky, and

Ellenberger.  (Doc. 1, pp. 5–6.)

The Fourteenth Amendment provides, in pertinent part, that no State shall

"deprive any person of life, liberty, or property, without due process of law[.]"  *See*

U.S. Const. amend. XIV.  With respect to a procedural due process claim, the court

observes that "'[a] liberty interest may arise from the Constitution itself, by reason

of guarantees implicit in the word 'liberty,' or it may arise from an expectation or

interest created by state laws or policies.'"  *Porter v. Pennsylvania Department of*

*Corrections*, 974 F.3d 431, 437–38 (3d Cir. 2000) (quoting *Wilkinson v. Austin*,

545 U.S. 209, 221 (2005) (alteration added)).  In order "'[t]o establish [a state-

created liberty interest under the Fourteenth Amendment] in the conditions of

confinement context, courts generally require a showing that the alleged liberty

interest is substantial.'"  *See id*. at 438 (quoting *Williams v. Secretary Pennsylvania*

*Department of Corrections*, 848 F.3d 549, 559 (3d Cir. 2017) (alterations in

original)).  Thus, "[t]o rise to the level of a liberty interest, the right alleged must

confer 'freedom from restraint which . . . imposes atypical and significant hardship

on the inmate in relation to the ordinary incidents of prison life.'"  *See id*.

(emphasis omitted).

Applying these principles here, the court finds that Plaintiff's complaint failed to identify a legally cognizable liberty interest concerning his freedom from restraint.  *See Sandin v. Conner*, 515 U.S. 472, 483–84 (1995) (explaining that "States may under certain circumstances create liberty interests which are protected by the Due Process Clause . . . [b]ut these interests will be generally limited to freedom of restraint, which while not exceeding the sentence in such an unexpected manner as to give to protection by the Due Process by its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").  "[I]nmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest." *Burns v. Pennsylvania Dept. of Corrections*, 642 F.3d 163, 171 (3d Cir. 2011). Accordingly, because Plaintiff has not identified a cognizable liberty interest, the Court concludes that his Fourteenth Amendment procedural due process claims fail as a matter of law.  As such, these claims will be dismissed with prejudice.

### E. Conspiracy Claims Will Be Dismissed Without Prejudice.

Plaintiff also raises conspiracy claims against Defendants Hammon, Frye, and McCloskey.  (Doc. 1, p. 5–6.)  There are three elements to a conspiracy claim under 42 U.S.C. § 1983:

> (1) two or more persons conspire to deprive any person of [constitutional rights]; (2) one or more of the conspirators performs . .

. any overt act in furtherance of the conspiracy; and (3) that overt act injures the plaintiff in his person or property or deprives the plaintiff of any right or privilege of a citizen of the United States, with the added gloss under § 1983 that the conspirators act 'under the color of state law.

*Jutrowski v. Township of Riverdale*, 904 F.3d 280, 294 n. 15 (3d Cir. 2018) (internal citations omitted)).

After a plaintiff establishes that the object of the conspiracy was the deprivation of a federally protected right, he "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1481 (10th Cir. 1990)). In the absence of direct proof, a plaintiff may rely on circumstantial evidence from which a factfinder can infer a "meeting of the minds" or an "understanding or agreement to conspire." *Jutrowski, 904 F.3d at 294 n. 17.*

The complaint, read liberally, appears to assert that Defendants conspired to retaliate against Plaintiff for the filing of a PREA report by Defendants Hammon and Frye filing misconducts asserting that Plaintiff's PREA report was false and by Defendant McCloskey failing to follow policy while investigating Plaintiff's PREA report. (Doc. 1.) Plaintiff further alleges that as a result of these misconducts, Plaintiff was sentenced to sixty days disciplinary time followed by a separation transfer. (*Id*.) However, absent from the complaint is any factual basis

to support the existence of the elements of a conspiracy as required under

*Capogrosso*: agreement and concerted action.  Therefore, the conspiracy claims

will be dismissed without prejudice.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss filed by Defendants will be

granted in part and denied in part.  Plaintiff's First Amendment retaliation claims

against defendants Hammon, Frye, Grassmire, and Spyker and his Eighth

Amendment deliberate indifference claim against Defendant Hammon will not be

dismissed.  The Fifth and Fourteenth Amended claims will be dismissed with

prejudice.  The remaining claims will be dismissed without prejudice.

Before dismissing a civil rights complaint, a district court "must permit a

curative amendment unless such an amendment would be inequitable or futile."

*Phillips*, 515 F.3d at 245.  Plaintiff will be granted leave to file an amended

complaint, but he must clearly label the document as his second amended

complaint and use the docket number assigned to this case.  Further he is cautioned

that any amended pleading filed with the court replaces all prior pleadings filed

with the court.  Therefore, Plaintiff must replead all remaining claims against

Defendants, including those that were not dismissed by the court.

An appropriate order follows.

<u>s/Jennifer P. Wilson</u>
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: October 31, 2022.